SHARON M. ROSE
Lavery & Rose, P.C.
913 Center Street
P.O. Box 890
Evanston, WY 82931
Phone (307) 444-4200
Fax (307) 444-0559
srose@evanstonlaw.com

**Attorney for Plaintiff**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAY 26 2011
Stephan Harris, Clerk
Cheyenne

### IN THE U.S. DISTRICT COURT

### IN AND FOR THE DISTRICT OF THE STATE OF WYOMING

CIVIL NO. 11-CV-200-F

| | |
|---|---|
| STEVEN SMOTHERS, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOLVAY CHEMICALS, INC., | ) |
| a Delaware corporation, | ) |
|    Defendant. | ) |

### COMPLAINT

COMES NOW, the above-named Plaintiff, by and through his attorney, Sharon M. Rose, of Lavery & Rose, P.C., and for his cause of action states as follows:

### NATURE OF THE ACTION

This is an action under federal law, Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, as well as the Family and Medical Leave Act, 29 U.S.C. § 2601, commonly referred to as the FMLA to correct unlawful

discriminatory employment practices by the Defendant and to make Plaintiff whole. Additional claims under Wyoming state law are asserted.

## JURISDICTION, VENUE AND PARTIES

1.  Federal Question and Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. This action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a); and Section 102 of the Civil Rights Act of 1991; 42 U.S.C. § 1981(A) as well as §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)]. Pendent jurisdiction for Plaintiff's state law claim lies by virtue of 28 U.S.C. § 1367.

2.  Pursuant to 28 U.S.C. § 1391 proper venue for this cause of action is the United States District Court for the District of Wyoming. The unlawful employment practices complained of herein occurred within the District of Wyoming.

3.  All conditions precedent to jurisdiction under § 107(c) of the ADA; 42 U.S.C. § 12117(a) as the same may be applicable to Plaintiff's various causes of action, have occurred or been complied with, to-wit:

    a.  Charges of employment discrimination on the basis of disability were filed with the State of Wyoming Department of Labor within one hundred and eighty days (180) of the unlawful employment practice, and the Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the unlawful employment practice alleged herein. The Plaintiff was terminated from his employment on August 26, 2008 and he filed a complaint of disability discrimination with the State of Wyoming Department of Labor and the EEOC on June 22, 2009.

b. A Notification of Right to Sue on the disability discrimination charge was mailed from the EEOC to Plaintiff on February 28, 2011.

c. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

4. At all times material hereto, Defendant's agents and employees were acting within the scope of their employment and with the knowledge and consent of Defendant

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff is a resident of Green River, Sweetwater County, Wyoming. At all times material hereto, Plaintiff was employed by Solvay Chemicals, Inc. at its facility located in Sweetwater County.

7. Defendant Solvay Chemicals, Inc. hereinafter referred to as "Solvay" is a Delaware corporation authorized to do business in Wyoming and operating a trona mine and processing plant in Sweetwater County, Wyoming.

8. In 1990 Plaintiff commenced his employment with Defendant's predecessor. Throughout his eighteen years of employment Plaintiff performed his job duties and responsibilities in a satisfactory manner.

9. Plaintiff was discharged on August 26, 2008 for a safety violation. The stated basis for his termination was a pretext and his termination was not pursued in good faith. This was Plaintiff's first safety violation in 18 years and first disciplinary action. Plaintiff was singled out and treated more harshly than other employees who committed more

3

serious offenses of safety policies and plant policies and who were given lesser discipline and stayed employed.

10. At all times material hereto, Defendant's agents and employees were acting within the scope of their employment and with the knowledge and consent of Defendant.

## COUNT I - VIOLATION OF ADA – DISCRIMINATION

11. Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 10 above.

12. Plaintiff is the aggrieved party in this action and is authorized to sue to enforce his private rights by virtue of Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

13. Defendant is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7).

14. Defendant is engaged in an "industry affecting commerce" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111.

15. Upon information and belief, Defendant has continuously had and does now have in excess of five hundred (500) employees at its Wyoming facility and is an "employer" within the meaning of § 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

16. Plaintiff is an individual with a "disability" as that term is defined in § 3(2) of the ADA, 42 U.S.C. § 12102(2). More specifically, Plaintiff has been diagnosed with postlaminectomy syndrome lumbar region, displacement of lumbar intervertebral disk, degenerative disc disease of cervical spine, myofascial pain, thoracic or lumbosacral neuritis or radiculitis, muscle spasm, lumbar degenerative disc disease and chronic insomnia. Plaintiff is in fact disabled and was regarded as and perceived by Defendant as disabled.

17. Plaintiff is a qualified individual with a disability within the meaning of §

101(8) of the ADA, 42 U.S.C. § 12111(8), in that Plaintiff is an individual with an actual and perceived disability, who, with or without reasonable accommodation, could have performed the essential functions of his job.

18. Defendant's acts and omissions as set forth above are in direct violation of § 102 of the ADA, 42 U.S.C., § 12112 in that Defendant discriminated against Plaintiff on the basis of his actual and perceived disability by, among other things, terminating his employment for discriminatory and pretextual reasons.

19. As a direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiff has suffered loss of earnings and benefits, loss of earning capacity, emotional distress, humiliation, embarrassment, loss of enjoyment of life all in an amount to be shown according to proof at time of trial and for which damage he should be justly compensated.

20. As a further direct and proximate result of Defendant's violations Plaintiff has been required to obtain the services of an attorney and he is entitled to an award of reasonable attorney's fees and the costs and expenses of this action.

21. The acts and omissions of Defendant as set forth above amount to an unlawful and intentional violation of Federal laws justifying the award of punitive damages against Defendant in favor of Plaintiff.

## COUNT II - FAMILY MEDICAL LEAVE ACT (FMLA) VIOLATION

22. Plaintiff restates and realleges paragraphs 1 through 21.

23. Upon information and belief, at all times material hereto Defendant employed in excess of fifty (50) employees within a seventy five (75) mile radius of the work

site and is an "employer" as defined in §101(4)(A) of the Family and Medical Leave Act, 29 U.S.C. §2611(4)(A).

24. At all times material hereto, Plaintiff was an "eligible employee" as defined in §101(2) of the Family and Medical Leave Act, 29 U.S.C. §2611(2) in that Plaintiff had worked for Defendant for more than twelve months and for more than 1,250 hours in the twelve month period preceding his absences.

25. The medical condition from which Plaintiff suffers required consistent medical attention and prevented him for performing the essential functions of his position from time to time. Thus Plaintiff's condition qualified under the Family and Medical Leave Act as a serious health condition. Plaintiff exercised his rights from time to time to take time off to attend to his serious health condition.

26. Defendant retaliated against Plaintiff for his exercise of his rights under the Family and Medical Leave Act of 1993, by among other things,

    a. Trying to reassign him to a different shift;

    b. Verbally chastised him for causing the company money for overtime for other workers;

    c. Denying him promotions; and

    d. Singling him out for more harsh discipline and terminating his employment for pretextual reasons.

27. Defendant's acts and omission are in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-

discrimination regulation [29 C.F.R. §825.220]. Defendant acted in willful violation of Plaintiff's rights.

28. As a direct and proximate result of Defendants unlawful acts, Plaintiff has suffered a loss of wages, employment benefits, and other compensation and is entitled to an award to compensate him for those losses.

29. Pursuant to the Family and Medical Leave Act, Plaintiff is also entitled to an award of prejudgment interest at the prevailing rate from the date of the unlawful retaliation to the date of judgment on the award of wages, employment benefits, and other compensation lost to him as a result of Defendant's violations of the Family and Medical Leave Act.

30. Plaintiff is entitled to liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's violations of the Family and Medical Leave Act as Defendant did not act in good faith and based upon reasonable grounds to believe that it was in compliance with the Family Medical Leave Act.

31. As a further direct and proximate result of Defendant's violations Plaintiff has been required to obtain the services of an attorney and he is entitled to an award of reasonable attorney's fees and the costs and expenses of this action.

### COUNT III - BREACH OF CONTRACT

32. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 - 31 above.

33. In 1990 when Plaintiff was hired at Defendant's Sweetwater facility, the facility was owned by Tenneco. When Plaintiff was hired he was provided with a Tenneco

employee handbook that gave rise to a contract of employment. The handbook provided that cause for termination was required. The handbook contained a list of rules for on the job behavior, the violation of which could result in discipline, including termination.

34. The handbook also contained a very specific four step progressive discipline schedule under the heading "Protecting Your Job".

35. In approximately 1992 when Defendant took over the operation of the Sweetwater County facility, it continued to use the Tenneco handbook for a period of time. Defendant made subsequent attempts to unilaterally change the Tenneco handbook to change employee status to "at will". It was determined however, by an Order Granting Partial Summary Judgment dated on or about November 21, 2001, in previous litigation with Defendant, that the Tenneco handbook was indeed a contract of employment requiring just cause for termination. Further the Court determined that Defendant did not have the right to make such a unilateral modification to the contract in that it had not included a conspicuous and unambiguous disclaimer and/or reservation of the right to make unilateral modifications in the prior handbooks.

36. In terminating Plaintiff, Defendant breached the implied contract of employment in failing to comply with the policy for progressive discipline. Further Defendant failed to act in good faith and singled Plaintiff out for termination when other similarly situated employees were given no discipline or lesser discipline for the same or similar violations.

37. In terminating Plaintiff, Defendant failed to act with fair and honest reasons, regulated by good faith. Rather the reasons given for Plaintiff's termination were a pretext to an unlawful termination.

38. As direct and proximate result of the breach of contract by Defendant, Plaintiff has suffered a loss of wages and benefits in the past and he will continue to suffer in the future a loss of wages and benefits and lost earning capacity all in an amount to be proven at trial of this matter and to be fair and just.

### COUNT IV - NEGLIGENT MISREPRESENTATION

39. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1-38 above.

40. Subsequent to the prior litigation in which it was determined that the Tenneco Handbook was an implied contract of employment and in May of 2002, Defendant again made a unilateral attempt to change employee status to at will employment. Defendant did not have authority to do so in the absence of a conspicuous reservation of rights in the prior handbook. Further, Defendant failed to bargain with employees for the necessary consideration.

41. In the effort to obtain employee's acceptance of the $200.00 consideration for the loss of job security, Defendant misrepresented the facts to its employees, including Plaintiff. Defendant's misrepresentations included but were not limited to representations that employee status and/or rights would not change, that the consideration was for receipt of the handbook or just on advise of attorneys as opposed to consideration for the loss of job security and that the disclaimer was not binding or a contract.

42. When it made these statements, Defendant well knew or should have known that if the unilateral attempt to modify the contract was successful, the employment relationship and status would change form one subject to an implied contract of

employment requiring just cause for termination and progressive discipline to at will employment.

43. When it made these statements, Defendant knew its statements could result in false or misleading understanding by the employees of their rights to job security and that employees may be induced to accept the offered consideration of $200.00 and sign the acknowledgement page.

44. Defendant owed a duty of care to its employees, including Plaintiff, in obtaining and relating information relative to the employment relationship to act in good faith and to truthfully represent the employment relationship.

45. Defendant breached the duty owed and failed to exercise reasonable care or competence in obtaining or communicating the information and therefore negligently misrepresented the employment relationship.

46. As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff has been damaged in that, if it is determined by a Court that the subsequent attempt to change employment status was actually successful, Plaintiff may have released his valuable employment rights in reliance upon Defendant's negligent misrepresentations.

## COUNT V - FRAUDULENT MISREPRESENTATION BY SOLVAY

47. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1-46 above.

48. In its communications with Plaintiff and other employees, Defendant knowingly made false representations that employees' status and/or rights would not change, that the consideration was for something other than the loss of job security and that the disclaimer contained in the handbook itself was not to be viewed as a contract.

49. Defendant made such representations intending to induce employees, including Plaintiff, to accept the $200.00 consideration and to sign an acknowledgement and disclaimer.

50. Plaintiff and other employees reasonably believed the representations to be true.

51. Plaintiff and other employees reasonably relied on the false representations.

52. As a direct and proximate result of Defendant's false and fraudulent misrepresentations, Plaintiff has been damaged in that in that, if it is determined by a Court that the subsequent attempt to change employment status was actually successful, Plaintiff may have released his valuable employment rights in reliance upon Defendant's fraudulent misrepresentations.

## COUNT VI - NONDISCLOSURE

53. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1-52 above.

54. In soliciting employee acceptance of the $200.00 consideration and acknowledgement of the disclaimer, Defendant failed to disclose to the employees, including Plaintiff, that the disclaimer and the employee handbook would change their job status and employee rights and render void an existing contract of employment requiring progressive discipline and just cause for employment. Defendant also failed to disclose that if the employees signed the acknowledgement and disclaimer and accepted the consideration they would be bound by the disclaimer and would be selling their rights to job security and progressive discipline in return for a mere $200.00. The Defendant further

failed to advise its employees that they did not have to sign the disclaimer or that employees had any right to bargain for the consideration.

55. Defendant knew that the representations it did make together with its failure to advise the employees as set forth above would induce employees to sign the acknowledgement and accept the consideration.

56. Defendant was under a duty to the employees, including Plaintiff to exercise reasonable care to disclose the matter in question. The employees including Plaintiff would reasonably expect the company to provide full and honest information.

57. As a direct and proximate result of Solvay's non-disclosure, Plaintiff has been damaged in that, if it is determined by a Court that the subsequent attempt to change employment status was actually successful, Plaintiff may have released his valuable employment rights as a result of Defendant's nondisclosures.

WHEREFORE, Plaintiff prays the Court enter judgment in favor of Plaintiff and against Defendants as follows:

WHEREFORE, Plaintiff prays the Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. For actual damages including but not limited to back pay, lost benefits, and lost future earnings and earning capacity, in an amount to be determined at trial of this matter.

2. For compensatory damages including emotional distress and loss of enjoyment of life.

3. For punitive damages.

4. For prejudgment interest.

5. For liquidated damages.

6. For attorney's fees and costs, including legal expenses and costs, incurred in this action.

7. For such other and further relief as is just and equitable in the premises.

DATED this __25__ day of __May__, 2011.

STEVEN SMOTHERS, Plaintiff

By: _____
SHARON M. ROSE, WY Bar #5-1981
Lavery & Rose, P.C.
P.O. Box 890
Evanston, WY 82931-0890
Phone: (307) 444-4200
Fax: (307) 444-0559
srose@evanstonlaw.com

Attorney for Plaintiff